**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| JUDITH A. PIEPER,<br><br>Plaintiff,<br><br>and<br><br>MEDICO CORP. LIFE INSURANCE COMPANY,<br><br>Involuntary Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., et al.,<br><br>Defendants. | Case No. 26-CV-1873 |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants Home Depot U.S.A., Inc. and Home Depot Management Company LLC (collectively referred to herein as "Home Depot"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, by this Notice hereby remove this action from the Circuit Court of Washington County, Wisconsin to the United States District Court for the Eastern District of Wisconsin. As explained below, this Court has jurisdiction under 28 U.S.C. § 1332 and 1441 et. seq. Complete diversity of citizenship exists between Plaintiff and Defendants and it is evident from the Complaint, and upon information and belief, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I. THE STATE COURT ACTION

Plaintiff Judith A. Pieper commenced a civil action captioned *Judith A. Pieper, Plaintiff, v. Home Depot U.S.A., Inc; ABC Insurance Company; Home Depot Management Company LLC; and DEF Insurance Company, Defendants* (the "State Court Action"), in the Circuit Court

of Washington County, Wisconsin, Case No. 2026CV000503, on or about August 27, 2026. Plaintiff served the Home Depot Defendants through their registered agents on September 11, 2026. A copy of Plaintiff's Summons and Complaint, Affidavit of Service-Home Depot U.S.A., Inc., and Affidavit of Service-Home Depot Management Company, LLC are attached hereto to this Notice and constitute all process, pleadings, and orders filed in the State Court Action.

In the State Court Action, as set forth in the Complaint, Plaintiff claims that she sustained injuries, on or about April 23, 2024, at the Home Depot retail store located at 700 W. Paradise Drive, West Bend, Wisconsin. (Plaintiff's Complaint, ¶ 11.) Plaintiff claims Home Depot was negligent and seeks compensation for her injuries and damages.

## II. REMOVAL IN THIS CASE IS PROPER

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 for the reasons set forth below:

**a. Complete diversity exists**: The following statements were true on <u>both</u> the date that Plaintiff filed her Complaint (August 27, 2026) and the date that the Home Depot Defendants filed their notice of removal (October 8, 2026):

1. Plaintiff Judith A. Pieper is a citizen of the State of Wisconsin. (Plaintiff's Complaint, ¶ 1.)
2. Defendants Home Depot U.S.A., Inc. and Home Depot Management Company LLC are each incorporated/organized in the State of Delaware, with their principal places of business in the State of Georgia. (Plaintiff's Complaint, ¶¶ 3, 5.)
3. Involuntary Plaintiff Medico Corp Life Insurance Company is a foreign insurance company incorporated in the State of Iowa and duly licensed to conduct business in the State of Wisconsin. (Plaintiff's Complaint, ¶ 2.)

4. Defendant ABC Insurance Company is alleged to be a yet unknown insurance company that may have issued an insurance policy of liability to Defendant Home Depot U.S.A., Inc.. (Plaintiff's Complaint, ¶ 4.) However, Defendant ABC Insurance Company's citizenship should be disregarded because there is no reasonable basis that it will be held liable for Plaintiff's claims. *See Visteon Corp. v. Nat'l Union Fir Ins. Co. of Pittsburgh, Pa*, 2011 U.S. Dist. LEXIS 140181, 2011 WL 6046272, at *2 (S.D. Ind. Oct. 13, 2011). Further, this defendant's "relation to the suit is merely incidental". *Id*. "[T]he citizenship of such [nominal] defendants may be disregarded for diversity jurisdiction." *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018).

5. Defendant DEF Insurance Company is alleged to be a yet unknown insurance company that may have issued a policy of liability insurance to Defendant Home Depot U.S.A, Inc.. (Plaintiff's Complaint, ¶ 6.) However, Defendant ABC Insurance Company's citizenship should be disregarded because there is no reasonable basis that it will be held liable for Plaintiff's claims. *See Visteon Corp. v. Nat'l Union Fir Ins. Co. of Pittsburgh, Pa*, 2011 U.S. Dist. LEXIS 140181, 2011 WL 6046272, at *2 (S.D. Ind. Oct. 13, 2011). Further, this defendant's "relation to the suit is merely incidental". *Id*. "[T]he citizenship of such [nominal] defendants may be disregarded for diversity jurisdiction." *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018).

**b. The amount in controversy exceeds $75,000.00**. Based on the content of Plaintiff's Complaint, Plaintiff's initial damages claims, and Home Depot's experience in litigation involving similar injuries, damages, and claims, Home Depot believes in good faith that the amount in controversy exceeds $75,000.00, exclusive of costs and interest. The amount in controversy "is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed." *Oshana v. Coca-Cola, Co.*, 473 F.3d 506, 510 (7th Cir. 2006). However, because that is "easier said than done [when Plaintiff provides little information about the value of his claims]", "a [defendant's] good faith estimate of the stakes is acceptable if it is plausible and supported by the preponderance of the evidence." *Id*. Here, Plaintiff claims that, as a result of the subject incident at Home Depot, she sustained and/or will sustain medical expenses, and other damages. (Plaintiff's Complaint, Paragraph 13). She seeks numerous categories and past and future damages including medical expenses and physical, mental and emotional pain, suffering, and impairment. Finally, Plaintiff alleges that medical expenses alone are greater than $75,000.00 including at least one orthopedic surgery, and she has made a pre-suit settlement demand of over three times the requisite amount in controversy.

**c. Consent.** Home Depot U.S.A., Inc. and Home Depot Management Company LLC are jointly represented by counsel, jointly removing this action, and thus consent to the removal. No consent is required from the nominal defendants. *See* 28 U.S.C. § 1446(b)(2)(A).

**d. Removal is timely.** This removal is timely filed within 30 days of service of the Complaint on these Defendants.

**e. Venue is proper.** Venue is proper in the Eastern District of Wisconsin because the Plaintiff filed her Complaint in the Circuit Court of Washington County, Wisconsin. 28 U.S.C.§ 1441(a); 28 U.S.C. § 130(b).

WHEREFORE, Defendants Home Depot U.S.A., Inc. and Home Depot Management Company LLC hereby remove the State Court Action to this Honorable Court.

Dated this 8th of October, 2026.

*Electronically signed by Sarah Thomas Pagels*
Sarah Thomas Pagels
LAFFEY, LEITNER & GOODE LLC
325 E. Chicago Street, Suite 200
Milwaukee, WI 53202
(414) 312-7003 (phone)
(414) 755-7089 (fax)
stpagels@llgmke.com

Benjamin M. Weston
Lederer Weston Craig PLC
4401 Westown Parkway, Suite 212
West Des Moines, IA 50266
(515) 224-3911 (phone)
(515) 224-2698 (fax)
bweston@lwclawyers.com

*Attorneys for Defendants Home Depot U.S.A., Inc. and Home Depot Management Company LLC*